UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMY HILTON                                                          CIVIL ACTION

versus                                                             No. 05-4204

ATLAS ROOFING CORPORATION
OF MISSISSIPPI, *et al.*                                           SECTION:  I/4

ORDER AND REASONS

Before the Court is a motion filed by defendant, Atlas Roofing Corporation of

Mississippi ("Atlas"), to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1]

For the following reasons, defendant's motion is **GRANTED IN PART AND DENIED IN**

**PART**.

*BACKGROUND*

Plaintiff's complaint alleges that Atlas manufactured defective roofing shingles.

According to plaintiff, defendant's manufacturing process introduced metal particles into each

shingle that created rust when the shingle came in contact with water.  Plaintiff complains that

this rust caused damage to adjacent structures, plant life, and other materials.  Plaintiff states that

---

[1]Rec. Doc. No. 21.

1

Atlas has acknowledged these defects and, in some instances, replaced some roofs and repaired

some damage; however, plaintiff alleges that Atlas has not notified all those putative class

members who may have suffered damage because of the alleged defect.  On September 8, 2005,

plaintiff filed a complaint in this Court.[2]  After considering plaintiff's unopposed motion, the

Court granted plaintiff an extension until June 22, 2006, to move for class certification.

On February 9, 2006, Atlas filed the instant motion to dismiss, arguing that:  (1) several

of plaintiff's claims are preempted by the exclusive products liability remedy created by the

Louisiana Products Liability Act ("LPLA"); (2) plaintiff has not stated a viable claim under the

LPLA; (3) plaintiff fails to plead her fraud claim with the requisite specificity; and (4) plaintiff's

unjust enrichment claim fails because she had another adequate remedy available.

## I.  Standard of Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a defense where a party

has failed to state a claim upon which relief can be granted.  A district court cannot dismiss a

complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d

80, 84 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  This Court will

not look beyond the factual allegations in the pleadings to determine whether relief should be

granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d

190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts

in the complaint as true and liberally construe all factual allegations in the light most favorable

---

[2]Rec. Doc. No. 1.  On January 6, 2006, plaintiff filed an amended complaint.  Rec. Doc. No. 16.

to the plaintiff.  *Spivey,* 197 F.3d at 774; *Lowry v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th

Cir. 1997).

"However, 'in order to avoid dismissal for failure to state a claim, a plaintiff must plead

specific facts, not mere conclusory allegations . . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278,

281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

"'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a

motion to dismiss."  *Id.* (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100

(5th Cir. 1974)).  "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be

drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San*

*Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).

## II.  Claims Excluded by the LPLA

Defendant argues that, because plaintiff has stated a cause of action pursuant to the

LPLA, the other causes of action included in her complaint that are inconsistent with this

exclusive products liability remedy should be dismissed.  Plaintiff implicitly admits that her

claims for breach of express and implied warranties, negligence, fraud, and unjust enrichment

are excluded by her LPLA claim.[3]  Plaintiff contends, however that these claims should be

maintained because they may be applicable to the unnamed and uncertified putative class

---

[3]"Plaintiff's Amended Complaint . . . set[s] forth as additional theories of recover not covered by the LPLA
(1) breach of implied warranties; (2) fraud; (3) unjust enrichment; and (4) negligence.  Each of these four (4) theories
is historically grounded in common law and are [sic] likely actionable as theories of recovery in states not governed
by the LPLA and Louisiana's law of redhibition.
. . . .
         . . . . [A]t the very least, Plaintiff's claims . . . should be maintained to preserve the rights of those Class
members until a thorough discovery process is completed . . . ."  Rec. Doc. No. 22, p. 6.

members.

The LPLA establishes "the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter."  La. R.S. 9:2800.52.  "Given the exclusivity of the LPLA, all causes of action inconsistent with it must be dismissed."  *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 763 (W.D. La. 2000); *see also Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1251 (5th Cir. 1997); *Cheeks v. Bayer Corp.*, No. 03-132, 2003 U.S. Dist. LEXIS 5236, at *3-4 (E.D. La. Mar. 28, 2003) (Fallon, J.) (dismissing plaintiffs' claims for negligence, fraud, and misrepresentation, *inter alia*, because of the exclusivity of the LPLA).

Prior to class certification, the Court will treat the case as brought by the named plaintiff individually.  *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 n.5 (5th Cir. 1994) (citing *Kaplan v. Utilicorp United, Inc.*, 9 F.3d 405, 407 (5th Cir.1993)); *Bergeron v. Pan Am Assur. Co.*, No. 97-1637, 1997 U.S. Dist. LEXIS 13709, at *5 (E.D. La. Sept. 3, 1997) (McNamara, J.) ("[T]here has been no certification of a class and thus this court looks only at the claims of the named Plaintiffs in assessing whether this court has jurisdiction.").  Plaintiff cannot rely on the potential claims of unnamed parties to preserve causes of action that she cannot maintain herself.  *See Berthelot v. Stallworth*, No. 99-3618, 2000 U.S. Dist. LEXIS 1933, at *6 (E.D. La. Feb. 17, 2000) (Duval, J.) (dismissing claim where, prior to class certification, named plaintiff's claim alone could not provide court with proper jurisdiction); *Bergeron*, 1997 U.S. Dist. LEXIS 13709, at *5-6 (remanding case where, prior to class certification, named plaintiffs' claims were insufficient to convey federal jurisdiction).  Because plaintiff cannot individually

pursue products liability claims outside of the LPLA, her claims for breach of express and

implied warranties, negligence, fraud, and unjust enrichment must be dismissed.[4]  The Court

agrees with defendant, however, that this dismissal does not bind putative class members who

may have available remedies outside the LPLA.

**III.  Plaintiff's LPLA Claim**

Defendant moves to dismiss plaintiff's LPLA claims as well, arguing that plaintiff's

claim for "economic damages" under the LPLA is limited by her claim for redhibition.  The

LPLA defines damages as "all damage caused by a product, including survival and wrongful

death damages, for which Civil Code Articles 2315, 2315.1 and 2315.2 allow recovery."  La.

R.S. 9:2800.53(5).  The statute proceeds to note that this definition also "includes damage to the

product itself and economic loss arising from a deficiency in or loss of use of the product only to

the extent that Chapter 9 of Title VII of Book III of the Civil Code entitled 'Redhibition' does

not allow recovery for such damage or economic loss."  *Id.; see also Pipitone v. Biomatrix, Inc.*,

288 F.3d 239, 251 (5th Cir. 2002) (noting that the LPLA "defines 'damage' by explicitly

excluding amounts recoverable under redhibition for damage to the product and other economic

loss" and that "[c]ourts have interpreted the LPLA as preserving redhibition as a cause of action

only to the extent the claimant seeks to recover the value of the product or other economic loss").

Plaintiff's complaint states that "Plaintiff and Class Members sustained economic

---

[4]Having dismissed plaintiff's fraud and unjust enrichment claims, the Court finds no need to address defendant's alternate arguments that plaintiff fails to plead her fraud claim with the requisite specificity and that plaintiff's unjust enrichment claim fails because she had another adequate remedy available.

damages in an amount to be determined by proof at the time of Trial."[5]  Defendant contends that

because the Louisiana Civil Code redhibition chapter encompasses economic damages, plaintiff

cannot win economic damages though the LPLA.

Plaintiff begins her opposition by citing cases to show that the LPLA permits the

recovery of damage to property other than the product itself, a proposition that the Court accepts

and one that defendant does not appear to contest.  *See Textron Marine Sys. v. KHD Deutz Motor*

*Industriemotoren GMBH*, No. 94-1808, 1994 U.S. Dist. LEXIS 13838, at *4 (E.D. La. Sept. 22,

1994) ("LPLA is the proper vehicle for bringing a products liability tort claim to recover damage

to property other than the product itself.").  Plaintiff then explains that her use of the term

"economic damages" is defined by the allegations in her complaint[6] and not, apparently, by any

conventional sense of the term.  Plaintiff argues that she meant "economic damages" to refer to

"those damages other than personal injury" and that pursuant to the LPLA, she should be

permitted to recover for damage to property, other than the product itself, caused by the

defective product.[7]

Considering the factual allegations in plaintiff's complaint and the nature of the claims

against defendant, the Court finds that plaintiff has stated a viable claim under the LPLA.

Plaintiff's LPLA claim seeks recovery for the damage to property caused by the allegedly

---

[5]Rec. Doc. No. 16, p. 13 ¶44.

[6]*See* Rec. Doc. No. 16, pp. 4-5 ¶¶13, 14, 19.

[7]Plaintiff also urges the Court "to consider the synonomous [sic] term 'economic loss' and its common legal meaning as '. . . damages recoverable in a lawsuit.'"  Rec. Doc. No. 22, p. 4 (citing Black's Law Dictionary 530 (7th ed. 1999)).  The full definition, however, weighs in favor of defendant's argument that plaintiff's language does not suggest she is seeking to recover for damage to property.  The entry continues:  "[f]or example, in a products-liability suit, economic loss includes the cost of repair or replacement of defective property, as well as commercial loss for the property's inadequate value and consequent loss of profits or use."

defective products.  Plaintiff should not be penalized for the imprecise language used by her counsel.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss[8] is **GRANTED IN PART AND
DENIED IN PART**.  Plaintiff's claims for breach of express and implied warranties (first cause
of action), negligence (third cause of action), fraud (fourth cause of action), and unjust
enrichment (fifth cause of action) are **DISMISSED**.  Plaintiff's claims pursuant to the LPLA
(second cause of action) and for redhibition (sixth cause of action) remain.

New Orleans, Louisiana, May  17th  , 2006.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8]Rec. Doc. No. 21.