**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

AMY HILTON                                              CIVIL ACTION

VERSUS                                                  No. 05-4204

ATLAS ROOFING CORPORATION
OF MISSISSIPPI, *et al.*                                SECTION:  I/4

<u>ORDER AND REASONS</u>

Before the Court is a motion filed on behalf of defendant, Atlas Roofing Corporation

("Atlas"), urging the Court to reconsider and/or clarify its earlier order requiring that notice of

this lawsuit be provided to putative class members.  Plaintiff has not yet filed opposition to this

motion.  For the following reasons, defendant's motion is **DENIED**.

*BACKGROUND*

On August 28, 2006, this Court issued an order that granted in part and denied in part the

motion filed by plaintiff to prohibit defendant from engaging in *ex parte* communications with

putative class members.[1]  The facts of this case are summarized in that order.[2]  Finding the

potential for abuse and unknowing waiver in the communications between defendant and the

putative class members but without finding evidence of actual harm, the Court ordered that

putative class members be given notice of plaintiff's lawsuit before settling their individual

claims with Atlas.  In addition, the Court ordered that putative class members who had

previously signed a release with Atlas be notified of their right to apply to the Court to have the

---

[1] Rec. Doc. No. 61.

[2] *See also* Rec. Doc. No. 30.

release voided in light of the pending litigation.  The Court also ordered the parties to attempt to agree on the form of the notice to be provided to putative class members; however, in the event that they were not able to agree, the parties were to submit separate proposals to the Court.

Defendant now requests that the Court reconsider or clarify its order with respect to both the prospective and retrospective notice to be provided.  In the alternative, defendant requests that the Court delay the implementation of that part of the order requiring that notice be provided to putative class members who had previously entered into settlements with Atlas by 60 days or until the Court issues a decision on plaintiff's motion for class certification.  Defendant argues that, because a denial of class certification may moot any notice given to those putative class members who have already settled with Atlas, this delay would preserve the resources of the Court and parties.

### LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  *Bass v. U. S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See id.* (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)); *see also Blanchard & Co. v. Barrick Corp.*, No. 02-3721, 2003 U.S. Dist. LEXIS 20076, at *3 n.1 (E.D. La. Nov. 3, 2003) (Berrigan, C.J.) ("A motion filed pursuant to Rule 59(e) requires a filing within ten (10) business days of the dispositive motion which the party seeks to have reconsidered . . . .").  A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief of judgment.  *Dial One of the Mid-*

*South, Inc. v. Bellsouth Telecomm., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991)); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ("Under which Rule the motion falls turns on the time at which the motion is served.").

The Court's order was filed on August 28, 2006, and defendant's motion was filed on September 12, 2006.  According to Rule 4(a), defendant's motion came more than 10 days after the Court's order and will be analyzed pursuant to Rule 60(b).  Rule 60(b) provides in part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

After reviewing defendant's memorandum, the Court finds no need to reconsider its previous ruling.  Defendant has not provided the Court with any sufficient reason to justify relief from its order, and this part of defendant's motion is denied.

Defendant also asks the Court to clarify its order.  Besides mention of preserving "its right to ask the Court to reconsider or clarify its Order if it becomes necessary,"[3] defendant's explanation does not detail exactly which aspects of the Court's order requires clarification.  The parties were unable to agree on the language of the notice to be provided to putative class

---

[3]Rec. Doc. No. 70, p. 5.

members, and this dispute has been referred to United States Magistrate Judge Roby for resolution.[4]  The language of the previous order is clear, and the Court is confident that, guided by the able hand of Magistrate Judge Roby, the parties will be able to reach a compromise as to this issue.

Finally, the Court does not find that a delay in implementing the part of its previous order applicable to putative class members who have already settled with Atlas is warranted.  The possibility that class certification may be denied is a detail that can be explained in the notice to putative class members.

Accordingly,

**IT IS ORDERED** that the motion filed on behalf of defendant, Atlas Roofing Corporation, requesting that the Court reconsider and/or clarify its earlier order[5] is **DENIED**.

New Orleans, Louisiana, October __2nd__, 2006.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4]Rec. Doc. No. 82.

[5]Rec. Doc. No. 70.

4