UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMY HILTON                                                                                      CIVIL ACTION

VERSUS                                                                                             No. 05-4204

ATLAS ROOFING CORPORATION
OF MISSISSIPPI, *et al.*                                                                     SECTION:  I/4

### ORDER AND REASONS

Before the Court is a motion for class certification filed by plaintiff, Amy Hilton, on behalf of herself and others similarly situated.  Defendants are Atlas Roofing Corporation of Mississippi and Atlas Roofing Corporation (collectively, "Atlas" or "defendant").  For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Plaintiff's complaint alleges that Atlas manufactured defective roofing shingles. According to plaintiff, defendant's manufacturing process introduced metal particles into each shingle that created rust when the shingle came in contact with water.  Plaintiff complains that this rust caused damage to structures, plant life, and other materials adjacent to her home and the homes of similarly situated consumers.  Plaintiff states that Atlas has acknowledged these defects and, in some instances, replaced some roofs and repaired some damage; however,

plaintiff alleges that Atlas has not notified all those putative class members who may have suffered damage because of the alleged defect.  On September 8, 2005, plaintiff filed a complaint in this Court;[1] on August 28, 2006, plaintiff filed a second amended complaint.[2]  After considering plaintiff's unopposed motion, the Court granted plaintiff an extension until August 21, 2006, to move for class certification;[3] plaintiff's motion was timely filed.

Plaintiff's proposed class is defined as "[a]ll persons or entities who purchased roofing shingles manufactured or sold by Atlas Roofing Corporation or any of its related "Atlas" entities in Louisiana from 2002 to the present.[4]  Plaintiff's complaint seeks "judgment against all defendants, including redhibition, attorney's fees and expenses, pre- and post-judgment interest, injunctive and declaratory relief, a program of notice and inspection, relief available under the Louisiana Product Liability Act, actual and statutory damages, disgorgement of ill-gotten gains, and any and all other relief, legal and equitable, to which Plaintiff and the class members may be entitled."[5]

In her motion for class certification, plaintiff details the equitable relief she is seeking: "(1) a program of notice and inspection to be provided to all purchasers of Atlas shingles manufactured during the relevant time period; (2) declaratory judgment that Atlas shingles

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. No. 63.

[3]Rec. Doc. No. 34.

[4]Rec. Doc. No. 63, p. 6.  Plaintiff excludes from this proposed class "(a) Atlas, any entity in which it has a controlling interest, and its legal representatives officer directors assigns and successors [sic]; (b) the Judge to whom this case is assigned and any member of the Judge's immediate family; (c) claims for personal injuries; and (d) all persons who executed and file a timely request for exclusion from the Class."

[5]Rec. Doc. No. 63, p. 11.

containing defective headlap particles, as described below, have a redhibitory defect; (3) declaratory judgment under the Louisiana Product Liability Act that Atlas is liable for consequential damages caused by its shingles containing defective headlap particles; (4) appointment of a Special Master, at Atlas's cost, to supervise resolution of claims for consequential damages, and warranty claims, or class members who are found, after inspection, to have purchased defective Atlas shingles;(5) extended warranty periods for those class members who wish to have defective Atlas shingles replaced under its warranty program; and (6) an injunction prohibiting Atlas from requiring confidentiality agreements from participants in its warranty program."[6] Plaintiff only seeks class certification of her equitable relief claims pursuant to Rule 23(c)(4)(A) of the Federal Rules of Civil Procedure.[7] Plaintiff also seeks an

---

[6]Rec. Doc. No. 54-2, p. 2.

[7]Rule 23 provides in part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(b) Class Action Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
    (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
    (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

order appointing her counsel as class counsel pursuant to the provisions of subsection (c)(1)(B) and (g).

## *LAW AND ANALYSIS*

Plaintiff argues that this class action is maintainable pursuant to Rule 23(b)(2), which permits class actions for injunctive relief where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "A district court maintains great discretion in certifying and managing a class action. *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502 (5th Cir. 2004). "The party seeking class certification has the burden of showing that the requirements for a class action have been met." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 573 (5th Cir. 1995). "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982)); *Applewhite*, 67 F.3d at 573)). "An action may proceed [as a class] *only* if the party seeking certification demonstrates that all four requirements of Rule 23(a) are met, and that at least one of the three requirements of Rule 23(b) are met." *Vizena*, 360 F.3d at 502 (citing Fed. R. Civ. P. 23(a)-(b); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)) (emphasis in original).  Defendant's opposition to plaintiff's motion raises a number of concerns as to the appropriateness of class certification.

---

(c) Determining by Order Whether to Certify a Class Action; Appointing Class Counsel; Notice and Membership in Class; Judgment; Multiple Classes and Subclasses.
. . . .
(4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues . . . .

**A. Rule 23(a) Requirements**

When certifying a class action, the Court must find that the putative class meets the requirements of Rule 23(a). This initial subsection requires that the class demonstrate: (1) numerosity, *i.e.*, that the class be so numerous that joinder of all members is impracticable; (2) commonality, *i.e.*, that there be questions of law or fact common to the class; (3) typicality, *i.e.*, that the claims and defenses of the representative parties be typical of the claims or defenses of the class; and (4) adequacy, *i.e.*, that the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *see James v. City of Dallas*, 254 F.3d 551, 569 (5th Cir. 2001) (citing *Washington v. CSC Credit Servs., Inc*., 199 F.3d 263, 265 (5th Cir. 2000)).

**1. Numerosity**

Rule 23(a)(1) first requires the class be so numerous that joinder of all members is impracticable. No definite standard has been established as to what size class satisfies the numerosity requirement. *Garcia v. Gloor*, 609 F.2d 156, 160 (5th Cir. 1980). Plaintiff estimates that Atlas sold enough defective shingles to cover more than 90,000 homes. Defendant, however, contends that this number merely represents the total number shingles sold during the three-year period at issue here, regardless of whether or not the shingles had the specific defective condition alleged. Even assuming that all of these shingles were not defective, the Court finds that the number of potentially defective shingles sold creates a pool of potential class members sufficient to meet the numerosity requirement of Rule 23(a).

**2. Commonality**

Rule 23(a)(2) requires that there be questions of law or fact common to the class. In order to demonstrate commonality, a plaintiff must show that there is one common question of

law or fact. *James*, 254 F.3d at 570. "The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)). The test for commonality is not demanding. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *Jenkins v. Raymark Indus.*, 782 F.2d 468, 472 (5th Cir. 1986) ("The threshold of 'commonality' is not high."). "[T]he fact that some of the [p]laintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality." *James*, 254 F.3d at 570.

Defendant argues that because the proposed class members' claims will require numerous individual inquiries, their claims do not possess the requisite commonality. However, in this case the members of the proposed class share common factual circumstances. The fact that the resolution of the issues in this case will require individual determinations of the specific effect of the damaged shingles is not fatal to plaintiff's claim considering the low bar set for this prong of Rule 23(a). The allegations of redhibitory defects present common legal questions.

Defendant cites to *Ardoin v. Stine Lumber Co.*, 220 F.R.D. 459 (W.D. La. 2004), in which the district court denied class certification to plaintiffs seeking to bring a lawsuit for damages against retailers who sold lumber treated with a carcinogen. There, the court found that "the individualized nature of these claims . . . prevents the simultaneous resolution of all or a significant portion of the potential class's complaints." *Id.* at 463. The *Ardoin* court's discussion of this issue, however, does not include citation to authority, and the Court does not find this case helpful in light of the Fifth Circuit's explicit explanation of the low bar set by this

prong of Rule 23(a).[8]

### 3. Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen*, 186 F.3d at 625. Rule 23(a)(3) requires the named plaintiffs' claims to be similar enough to the claims of the class so that the representative will adequately represent them. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1764 (3d ed. 2005); *see also James*, 254 F.3d at 571 ("If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.") (internal quotations and citation omitted). Defendant makes arguments similar to those presented in the above "commonality" section, arguing that plaintiff's claims are not typical of those claims of the class because each potential class member's claims will require individual scrutiny. Because the claims of the named plaintiff and the proposed class arise from the same conduct and are based on the same legal theory, however, the Court finds that the typicality requirement of Rule 23(a) is satisfied.

### 4. Adequate Protection

The final requirement of Rule 23(a) is that the representative parties fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). The adequacy requirement

---

[8]Defendant raises several arguments suggesting that the proposed class is insufficiently cohesive to warrant class certification. Rec. Doc. No. 69, pp. 18-30. These concerns were fully considered in the "commonality" section of the Rule 23(a) test, and the Court finds no need to address these arguments at greater length.

"encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).  "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."  *Mullen*, 186 F.3d at 625-26.

Defendant argues that plaintiff will not adequately represent the interests of the class because, by pursuing only injunctive relief and not monetary claims, plaintiff may be subjecting class members' potential claims to *res judicata*.  *Berger*, 257 F.3d at 480 ("[B]ecause absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times.").  Defendant cites to *Ardoin*, where similar *res judicata* issues contributed to the court's decision to deny class certification.  220 F.R.D. at 466; *c.f. Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 626 (5th Cir. 1999) (holding that "variances in the ways that the [n]amed [p]laintiffs and class members will prove causation and damages" would not lead to inadequate representation). Similarly, this Court finds that this issue-splitting may endanger the claims of other class members and that such concerns bring into question the adequacy of plaintiff as a class representative.  By omitting monetary claims from the class claims, plaintiff may have created a conflict between her interests and those of the putative class members.[9]

---

[9]As noted above, the adequacy requirement also looks to the adequacy of class counsel. *Berger*, 257 F.3d at 479.  Plaintiff's counsel have significant experience with class actions and have competently and vigorously represented the interests of their client throughout the initial stages of this case.  Despite finding plaintiff to be an inadequate representative of the proposed class, the Court has no reason to question the ability of her counsel to adequately represent

**B. Rule 23(b) Requirement**

In addition to the Rule 23(a) requirements, the Court must also determine whether this action fits within one of the categories of Rule 23(b).[10] Plaintiff alleges that the proposed class may be certified pursuant to subsection (b)(2), which permits a class action where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. Pro. 23(b)(2). Where the monetary relief sought by the putative class members predominates over the injunctive relief sought, however, certification pursuant to subsection (b)(2) is not appropriate. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir. 1998). Defendants argue that plaintiff's claims for injunctive and declaratory relief are actually veiled attempts to recover damages.

As the court in *Allison* explained,

> [M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief. By incidental, we mean damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief. Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established. That is, the recovery of incidental damages should typically be concomitant with, not merely consequential to, class-wide injunctive or declaratory relief. Moreover, such damages should at least be capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances. Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex individualized determinations. Thus, incidental damages will, by definition, be

---

the proposed class.

[10]Where class certification is sought pursuant to subsection (b)(2) of Rule 23, plaintiff need not prove the "predominance" and "superiority" factors relevant to subsection (b)(3). *See Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1105 (5th Cir. 1993).

9

      more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Id.* at 415 (internal citations omitted).

      Reviewing plaintiff's complaint, the Court finds that monetary relief predominates. Plaintiff's claims are not suitable for Rule 23(b)(2) class certification because damages will depend on the individual circumstances of each putative class member; indeed, this conclusion is supported by plaintiff's request for a special master to determine these idiosyncratic amounts. As the Fifth Circuit has stated, "monetary relief 'predominates' under Rule 23(b)(2) . . . when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case. *Id.* at 413 (citation omitted); *see also In re: Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 144 (E.D. La. Jun. 4, 2002) (Fallon, J.) (finding that monetary claims predominated where claims were dependent on individual circumstances and would require additional hearings). Plaintiff's requests, while framed in terms of injunctive relief, appear more concerned with recouping the damages that might flow from the injuries suffered by the putative class than with enjoining defendant's actions and preventing future harm.

      Defendant also argues that class certification is not appropriate because plaintiff has not shown that the putative class members face the risk of future injury or that they have even been injured at all.[11] Where a plaintiff seeks to certify a class pursuant to subsection (b)(2) of Rule 23, the plaintiff must show that the majority of the class faces the threat of future harm. *See Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 978 (5th Cir. 2000); *Maldonado v. Ochsner*, 237 F.R.D.

---

[11] While defendant makes these arguments to contest plaintiff's standing to bring these claims, the Court finds these issues more applicable to it analysis of subsection (b)(2) and the appropriateness of injunctive relief.

145, 150 (E.D. La. 2006) (Feldman, J.).

Defendant contends that plaintiff and the putative class members do not face future harm because the defective shingles are no longer being sold; Atlas states that it is not aware of any defective shingles that were sold after late 2004.[12]  Plaintiff argues that the potential for future harm exists because Atlas shingles continue to fail and Atlas continues to seek allegedly improper confidentiality agreements in connection with warranty claims.

In *Maldonado*, which defendant cites and plaintiff attempts to distinguish, the plaintiffs sued Ochsner Clinic Foundation, *inter alia*, arguing that Ochsner improperly charged uninsured patients undiscounted rates and engaged in abusive collection practices.  237 F.R.D. at 147. Judge Feldman denied the plaintiffs' motion for class certification pursuant to Rule 23(b)(2), noting that the threat of future harm was not present.  *Id.* at 150-51.  The court found that the hospital had begun applying a discounted rate to the patients and that the plaintiffs had "nothing to gain from an injunction."  *Id.* at 151 (quoting *Bolin*, 231 F.3d at 978).  Judge Feldman concluded that, since the declaratory relief sought "'only serves to facilitate the award of damages,' Rule [23](b)(2) certification is inappropriate."  *Id.* (quoting *Bolin*, 231 F.3d at 978).

Plaintiff argues that *Maldonado* is inapposite "because plaintiff and the class members continue to suffer precisely the injuries they allege and seek to enjoin."[13]  Plaintiff's allegations regarding the defective shingles, however, do not establish the threat of future harm central to maintaining a Rule 23(b)(2) class action.  Plaintiff and putative class members were harmed when they purchased defective shingles from Atlas.  There are no allegations, however, that

---

[12]Rec. Doc. No. 69, p. 15.

[13]Rec. Doc. No. 74-2, p. 16.

Atlas continues to market this defective product or that any of the putative class members are in danger of purchasing these defective shingles in the future. Plaintiff's insistence that she faces the threat of a diminution of the value of her home because of these defective shingles, or that putative class members face a similar loss until their homes are inspected, is a red herring. Plaintiff has already been harmed by purchasing defective shingles and the current value of her home will reflect this deficiency. Defendant's failure to settle claims fairly or in a timely manner are harms suitable for legal, not equitable relief. Without the threat of future harm, plaintiff's equitable claims related to the defective shingles will not support class certification pursuant to Rule 23(b)(2).[14]

In summary, plaintiff's separation of her claims for injunctive relief from her personal injury claims may render her an inadequate representative of the proposed class. Moreover, monetary relief predominates in plaintiff's action, and she does not appear to face any future harm suitable for equitable relief; her proposed class does not meet the requirements of Rule 23(b)(2). For these reasons, the Court does not find that plaintiff's action is appropriate for class certification pursuant to Rule 23(b)(2). The Court need not decide whether to appoint plaintiff's counsel as class counsel pursuant to the provisions of Rule 23(c)(1)(B) and subsection (g).

Accordingly,

**IT IS ORDERED** that the motion for class certification filed by plaintiff, Amy Hilton,

---

[14] Defendant also argues that plaintiff's proposed injunctive relief lacks the requisite specificity needed to certify a class action. Rule 65 of the Federal Rules of Civil Procedure requires that "[e]very order granting an injunction . . . shall be specific in terms [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." "[T]he requested injunction must leave no open questions." *Maldonado*, 2006 U.S. Dist. LEXIS 39761, at *9. In explaining their charge of vagueness, defendant cites plaintiff's request for a program of notice and inspection, her request for declaratory judgment that the shingles contain a redhibitory defect, and her request for a declaratory judgment that Atlas is liable under the LPLA for consequential damages. The Court, however, finds the requested relief specific enough to permit class certification. Plaintiff's motion suffers from other fatal problems.

on behalf of herself and other similarly situated,[15] is **DENIED**.

New Orleans, Louisiana, December ___5th___, 2006.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15]Rec. Doc. No. 54.

13